UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NAILA ISABEL PARKER,

    Plaintiff,

v.                                              Case No: 3:17-cv-1332-J-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## OPINION AND ORDER

Plaintiff, Naila Isabel Parker, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for disabled widow's benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I. Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A. Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d

1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C. Procedural History

Plaintiff filed an application for disabled widow's benefits on July 7, 2014, alleging disability beginning October 1, 2003. (Tr. 15). Plaintiff's application was denied initially and upon reconsideration. Upon Plaintiff's request, a hearing was held before Administrative Law Judge Gregory J. Froehlich (the "ALJ") on November 7, 2016. (Tr. 29-57). On January 9, 2017, the ALJ entered a decision finding Plaintiff not disabled. (Tr. 15-28). Plaintiff appealed the ALJ's decision and the Appeals Council denied Plaintiff's request for review on October 13, 2017. (Tr. 1-6). Plaintiff initiated the instant action by filing a Complaint (Doc. 1) on November 28, 2017.

### D. Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff was the unmarried widow of the deceased insured worker and has attained the age of 50. The ALJ found that Plaintiff met the non-disability requirements for disabled widow's benefits set forth in section 202(e) of the Social Security Act. (Tr. 17). At step two, the ALJ found that Plaintiff had the following severe impairments: cervical degenerative disc disease s/p fusion; lumbar degenerative disc disease; fibromyalgia; and degenerative joint disease and bursitis of the left hip. (Tr. 17). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or

medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 19).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> perform sedentary work as defined in 20 CFR 404.1567(a) except with no climbing of ladders, ropes, or scaffolds; occasional climbing of ramps and stairs; occasional balancing, stooping, kneeling, crouching, and crawling; frequent bilateral handling and fingering; and no concentrated exposure to vibrations, moving mechanical parts, or unprotected heights.

(Tr. 19). At step four, the ALJ found that Plaintiff was capable of performing her past relevant work as a secretary. (Tr. 23). The ALJ concluded that Plaintiff had not been under a disability from October 1, 2003, the alleged onset date, through January 9, 2017, the date of the decision. (Tr. 24).

## II.     Analysis

Plaintiff raises a single issue on appeal: whether the ALJ erred by failing to properly evaluate the opinion of Plaintiff's treating physician J. M. Garmendia, M.D. (Doc. 16 p. 4-17). Plaintiff argues that the ALJ failed to provide good cause for rejecting the opinion of Dr. Garmendia, who was Plaintiff's treating physician for 24 years. (Doc. 16 p. 7). Plaintiff contends that the ALJ erred by failing to evaluate the opinion pursuant to the factors set forth in 20 C.F.R. § 1527(c). Further, Plaintiff argues that the reasons proffered by the ALJ for rejecting Dr. Garmendia's opinion were not supported by substantial evidence. (Doc. 16 p. 13-17). In response, Defendant argues that the ALJ applied the correct legal standards in evaluating Dr. Garmendia's opinion and that substantial evidence supports his reasons for giving it little weight. (Doc. 17 p. 5-11).

The record shows that on September 14, 2016, Dr. Garmendia prepared a Medical Source Statement on Plaintiff's behalf. (Tr. 417-19). Dr. Garmendia opined that Plaintiff can sit for 30 minutes at a time and stand/walk for 10-15 minutes at a time; she can sit for 2-4 hours and stand/walk for 10-20 minutes total over the course of an 8-hour workday. Plaintiff can lift/carry less than 10 pounds. (Tr. 417). She needs to lie down for 1-2 hours during an 8-hour workday due to her chronic neck pain. She will likely be off task more than 20% of the workday due to pain or medication side effects. (Tr. 418). Plaintiff can occasionally (up to 1/3 of an 8-hour workday) perform fine manipulation, simple grasping, and feeling. She can rarely perform reaching and handling. (Tr. 419). In addition, on September 15, 2016, Dr. Garmendia prepared a descriptive letter stating that Plaintiff underwent cervical spine fusion surgery in 2003; since that time, her activity levels have declined and "[p]rogressively, her disability has grown to where meaningful employment is unfeasible." (Tr. 416).

In his decision, the ALJ explained the weight he accorded Dr. Garmendia's opinion as follows:

> Conversely, little weight is given to the treating source statement offered by Dr. Garmendia (Exhibit 9F). Dr. Garmendia's opinion was overbroad, unsupported by his treatment notes, and inconsistent with the more thorough objective consultative examination findings. For example, Dr. Garmendia reported that the claimant could only use her hands occasionally to feel items, but there is no explanation of why, nor is there support for such a limitation. He also indicated that she would be so markedly off task due to pain and medication side effects that her ability to perform one- and two-step tasks would be limited. This is directly contradicted by her ability to handle her personal care independently and to assist with grocery shopping, light household chores, and simple meal preparation. Further, his indication that she would be limited, at most, to four hours and twenty minutes of combined sitting, standing, and walking is also not well supported, as there is no indication of recommendations by treating sources that she spend much of each day lying down. For these reasons, Dr. Garmendia's opinion is given little weight.

(Tr. 23).

In this case, the Court finds no error in the ALJ's decision to accord little weight to Dr. Garmendia's opinion as substantial evidence supports the ALJ's analysis. (Tr. 23). As the ALJ noted, Dr. Garmendia's opinion was overly broad, inconsistent with his treatment notes, and inconsistent with the objective consultative exam findings. (Tr. 23). For example, the ALJ explained that Dr. Garmendia opined that Plaintiff could only use her hands occasionally to feel items, but did not explain why. (Tr. 23). Further, the ALJ also noted that the record evidence did not support such a restrictive limitation. (Tr. 23). The record shows that Plaintiff was able to perform tasks like zipping, buttoning, and tying, and that her upper extremity strength, hand and finger dexterity, and grip were intact. (Tr. 397). These objective findings undermine Dr. Garmendia's conclusory and unsupported opinion regarding manipulative abilities and substantially support the ALJ's reasons for giving Dr. Garmendia's opinion little weight. (Tr. 23).

In addition, the ALJ noted that the sitting, standing, and walking limitations Dr. Garmendia opined are inconsistent with the consultative examiner's objective findings. (Tr. 23). During the consultative exam, Plaintiff exhibited mild decreased cervical and lumbar range of motion, negative straight leg raise testing, and the ability to stand and walk on her heels and toes. (Tr. 395-96). She was able to squat 90 percent of full. (Tr. 395-96). Dr. Tafflin stated that an assistive device was not medically necessary for ambulation (Tr. 396). She did not need help changing for the exam for getting on and off the exam table, and she was able to rise from the chair without difficulty (Tr. 396). She exhibited decreased left hip range of motion and full right hip, bilateral knee, and bilateral ankle range of motion. (Tr. 396). Deep tendon reflexes were physiologic and equal and she exhibited no sensory deficits. (Tr. 397). She exhibited 5/5 strength in the lower extremities. (Tr. 397). The ALJ correctly found that these largely normal objective findings belie the restrictive limitations Dr. Garmendia opined. (Tr. 21, 23).

### III. Conclusion

The decision of the Commissioner is **AFFIRMED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on February 15, 2019.

*[signature]*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties